IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRIAN JACOBS, ALAN JACOBS, THE BERNARD B. JACOBS AND SARA JACOBS FAMILY TRUST, JEAN-LOUIS VELAISE, DALE KUTNICK, TOREN KUTNICK, EDWARD B. ROBERTS, JOHN DENNIS, SHLOMO BAKHASH, and JOAN RUBIN, | § § § § § § § § § § | No. 499, 2024<br><br>Court Below: Court of Chancery of the State of Delaware<br><br>C.A. No. 2021-0346 |
|     Plaintiffs Below, Appellants, | § § § | |
| v. | § § § | |
| AKADEMOS, INC., KOHLBERG VENTURES, LLC, BAY AREA HOLDINGS, INC., JOHN EASTBURN, GARY SHAPIRO, JAMES KOHLBERG, RAJ KAJI, BILL YOUSTRA and BURCK SMITH, | § § § § § § § § § | |
|     Defendants Below, Appellees. | § § | |

Submitted: June 18, 2025
Decided: July 14, 2025

Before **SEITZ**, Chief Justice; **VALIHURA**, **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices, constituting the Court *en Banc*.

## **ORDER**

After consideration of the briefing by the parties, and following oral argument, the Court rules as follows:

(1)    In 2020, Kohlberg Ventures, LLC ("KV Fund") acquired Akademos, Inc. After the transaction closed, a group of Akademos common stockholders sought appraisal of their shares. They also brought breach of fiduciary duty claims against certain Akademos directors and an aiding and abetting claim against the KV Fund. Following a four-day trial, the Court of Chancery determined that the fair value of the plaintiffs' shares was zero. The court also concluded that the transaction was entirely fair to the Akademos stockholders and that the KV Fund did not aid and abet any breach of fiduciary duty.

(2)    On appeal, the plaintiffs argue that the Court of Chancery erred by: (1) finding that the director defendants did not breach their fiduciary duties; (2) finding that the KV Fund did not aid and abet any breach of fiduciary duties; and (3) declining to consider fair dealing in its entire fairness analysis.

(3)    For the first two arguments on appeal, we affirm the judgment of the Court of Chancery for the reasons stated in the court's October 30, 2024 Post-Trial Opinion. For the last argument on appeal, we start with the oft-quoted statement that "[t]he concept of fairness has two basic aspects: fair dealing and fair price."[1] We have held that "the test for fairness is not a bifurcated one as between fair dealing

---

[1] *Weinberger v. UOP, Inc.*, 457 A.2d 701, 711 (Del. 1983).

2

and price. All aspects of the issue must be examined as a whole since the question is one of entire fairness."[2]

(4)     In *In re Tesla Motors, Inc. Stockholder Litigation*, we addressed an argument like the one made here – that the Court of Chancery erred in its entire fairness analysis because it "looked at price and price alone."[3]  We disagreed with the plaintiffs in *Tesla* because the court made extensive fact and credibility findings relating to the transaction process.[4]  We also observed that:

> Though the entire fairness test is a unitary one, we have long recognized that, sometimes, a fair price is the most important showing.  "Evidence of fair dealing has significant probative value to demonstrate the fairness of the price obtained. The paramount consideration, however, is whether the price was a fair one."[5]

(5)     Here, the Court of Chancery stated that "the fair price evidence is sufficiently strong to carry the day without any inquiry into fair dealing."[6]  Our Court has not gone so far.  Rather, in *Tesla*, we stated that "[e]ntire fairness is a unitary

[2] *Id.*

[3] 298 A.3d 667, 717 (Del. 2023).

[4] *Id*. at 717–18.

[5] *Id*. at 718 (quoting *Ams. Mining Corp. v. Theriault*, 51 A.3d 1213, 1244 (Del. 2012)).

[6] *Jacobs v. Akademos, Inc.*, 326 A.3d 711, 760 (Del. Ch. 2024).

test, and both fair dealing and fair price must be scrutinized by the Court of Chancery."[7]

(6)     For the reasons explained in detail by the Court of Chancery, we are satisfied that the fairness of the price was a "paramount consideration" in this case. And, like *Tesla*, the court considered "the evidence as a whole."[8]   The evidence related to fair dealing included the following:

- The director defendants explained persuasively that the company lacked the funds to support a full-blown *MFW* process.[9]

- During the first half of 2020, Akademos and its financial advisor conducted a dual-track process to seek outside investment or an acquisition proposal.[10]

- The term sheet contemplated a go-shop period and committed the KV Fund to support any transaction that the directors unaffiliated with the KV Fund ("Unaffiliated Directors") deemed superior.[11]

- After the go-shop period concluded, the Unaffiliated Directors determined that none of the counterparties had made a superior offer.[12]

---

[7] *Tesla*, 298 A.3d at 700.

[8] *Akademos*, 326 A.3d at 760.

[9] *Id.* at 720.

[10] *Id.* at 729–30, 743.

[11] *Id.* at 732.

[12] *Id.* at 733.

- A majority of the Unaffiliated Directors voted in favor of the transaction (with Jacobs casting the only "no" vote).[13]

- A majority of the Akademos directors voted in favor of the transaction (with Jacobs casting the only "no" vote).[14]

(7) Because the fair price evidence predominated in this case, and the Court of Chancery made extensive factual and credibility determinations that supported fair dealing, we affirm its judgment. The transaction was entirely fair to the Akademos common stockholders.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Court of Chancery is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[13] *Id.* at 734.

[14] *Id.*